UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ANGEL LUIS CINTRON,**

    Plaintiff,

 v.

                                   Case No. 21-CV-417

**ATTORNEY DAVID LANG,**
**ATTORNEY MICHAEL S. WINTER,**
**VERONICA GARCIA,**
**JEREMY CHARLES, and**
**DELOS SANTOS LAW OFFICES,**

    Defendants.

---

**ORDER ON MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE AND REPORT AND RECOMMENDATION SCREENING COMPLAINT[1]**

---

On April 1, 2021, Angel Luis Cintron filed a *pro se* complaint against Attorney David Lang, Attorney Michael Winter, Veronica Garcia, Jeremy Charles, and Delos Santos Law Offices. (Docket #1.) Additionally, he filed a motion for leave to proceed without prepaying the filing fee. (Docket # 2.) Because I find that Cintron is indigent, his motion will be granted. However, because his complaint fails to allege subject matter jurisdiction, I recommend that his complaint be dismissed.

**ANALYSIS**

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent

---

[1] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the plaintiff's complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief can be grants, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In his request to proceed without prepaying the filing fee, Cintron states that he is unemployed, single, and has no dependents. (Docket # 2 at 1.) He asserts that he does not own a car or a home; that he has no cash, checking, or savings; and that he has no other property of value. (*Id*. at 3–4.) Cintron's only source of income is Social Security benefits and he has $600.00 per month in living expenses. (*Id.* at 2–3.) As such, I am satisfied that Cintron is indigent for purposes of the *in forma pauperis* statute and will grant his motion.

However, because Cintron's complaint fails to allege subject matter jurisdiction, I recommend that his complaint be dismissed. Cintron alleges that in February 2014, Springleaf

Financial falsely claimed that Citron applied for a loan. (Docket # 1 at 2.) He alleges that defendants Garcia and Charles, two employees of Springleaf, used his identifying information to fraudulently obtain the loan. (*Id.* at 2–3.) Cintron alleges that he hired defendants Lange and Winter to provide legal services to challenge the fraudulently obtained loan, but that both provided inadequate services. (*Id.*)

As an initial matter, Cintron filed an identical complaint on August 28, 2019 in *Cintron v. Lang, et al.*, Case No. 19-CV-1249 (E.D. Wis.). Cintron's current complaint in this case is a verbatim copy of the complaint filed in 19-CV-1249, down to places where Cintron crossed out words and made corrections above the scribble. (*Compare* Docket # 1 at 2 in Case No. 19-CV-1249 *with* Docket # 1 at 2 in Case No. 21-CV-417.) In fact, the only difference between the two complaints appears to be Cintron's contact information and the signature date.

In screening Cintron's previous complaint, Chief Judge Pamela Pepper found that Cintron appeared to make two claims: (1) for identity theft against Garcia and Charles and (2) for attorney malpractice against Lang and Winter. (Docket # 12 at 9 in Case No. 19-CV-1249.) Judge Pepper concluded that Cintron's complaint failed to state any claims for which a federal court could grant him relief. (*Id.* at 12.)

Nothing has changed since Cintron's previous complaint was dismissed by Judge Pepper. Judge Pepper previously explained that federal courts are limited in the cases they can consider and decide. (*Id.* at 8.) Again, a federal court can decide cases involving violations of federal laws or the federal Constitution, 28 U.S.C. § 1331, or cases between citizens of differing states, 28 U.S.C. § 1332. As Judge Pepper concluded, Cintron's complaint does not allege a cause of action under federal law. (Docket # 12 at 9–13 in Case No. 19-CV-1249.) And to the extent Cintron alleges jurisdiction pursuant to 28 U.S.C. § 1332, there is no

diversity as he has specifically alleged that he and all defendants are citizens of Wisconsin. (Docket # 1 at 1 in Case No. 21-CV-417); *see Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000) (finding that in order for diversity jurisdiction to lie with the federal courts, there must be complete diversity of citizenship between all plaintiffs and all defendants). For these reasons, the Court lacks subject matter jurisdiction and I recommend that Cintron's complaint be dismissed.

Cintron is warned that two judges have now found his complaint legally deficient. Should he continue to file the same complaint, Cintron could face sanctions for filing a frivolous complaint, including monetary sanctions and/or a bar from future filings.

### ORDER AND REPORT AND RECOMMENDATION

**NOW, THEREFORE, IT IS ORDERED** that Cintron's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Cintron's complaint be dismissed for lack of subject matter jurisdiction.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 3rd day of May, 2021.

                                            BY THE COURT

                                            _____
                                            NANCY JOSEPH
                                            United States Magistrate Judge